# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MERCHANTS BONDING COMPANY (MUTUAL), an Iowa corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. |
| v. | ) |
| CHAGRIN VALLEY PAVING, INC., PAUL A. PHILLIPS, an individual, KARA L. PHILLIPS, an individual, KAHILL CONTRACTORS, LLC, f/k/a CHAGRIN VALLEY PAVING, LLC, PHILLIPS NATIONAL PAVING GROUP, LLC, PHILLIPS FAMILY ENTERPRISES, LLC, and STORE IT, LOCK IT, LEAVE IT, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, MERCHANTS BONDING COMPANY (MUTUAL) ("Merchants"), by and through its undersigned counsel, for its Complaint against Defendants, CHAGRIN VALLEY PAVING, INC. ("CVP Inc."), PAUL A. PHILLIPS ("Paul"), an individual, KARA L. PHILLIPS ("Kara"), an individual, KAHILL CONTRACTORS, LLC, f/k/a CHAGRIN VALLEY PAVING, LLC ("CVP LLC"), PHILLIPS NATIONAL PAVING GROUP, LLC ("Phillips National"), PHILLIPS FAMILY ENTERPRISES, LLC ("Phillips Family") and STORE IT, LOCK IT, LEAVE IT, LLC ("Store It") (foregoing Defendants hereinafter collectively "Defendants" and/or "Indemnitors"), states as follows:

1

**PARTIES**

1. Merchants is an Iowa insurance corporation, organized and existing under the laws of the State of Iowa, with its principal place of business at 6700 Westown Parkway, West Des Moines, IA 50266-7754.

2. Defendant CVP Inc. is an Ohio corporation for profit, organized and existing under the laws of the State of Ohio, which can be served through its registered agent and President, Paul A. Phillips, at 17290 Munn Road, Chagrin Falls, Geauga County, OH 44023, and which upon information and belief, according to its website chagrinvalleypaving.com and other publicly-available online information, maintains its principal place of business at 17290 Munn Road, Chagrin Falls, OH 44023.

3. Defendant Paul is an individual, and is the husband of Kara, who is being sued in his individual capacity as an "Indemnitor," and who, upon information and belief, based upon publicly-available online information, may be served at his residence at 10601 Stafford Rd., Auburn Twp., OH 44023-5243.

4. Defendant Kara is an individual, and is the wife of Paul, who is being sued in her individual capacity as an "Indemnitor," and who, upon information and belief, based upon publicly-available online information, may be served at her residence at 10601 Stafford Rd., Auburn Twp., OH 44023-5243.

5. Defendant CVP LLC, upon information and belief, is now known as Kahill Contractors, LLC, and is an entity which purports to be an Ohio limited liability company, as listed with the Ohio Secretary of State under the entity name of Kahill Contractors, LLC, and which can be served through its registered agent R&A Agents, Inc., 1375 E. 9th St., Ninth Floor, Cleveland, OH 44114.

6. Merchants, after a diligent search of its own records and publicly-available information online, including but not limited to a review of the websites of the Ohio Secretary of State and Iowa Secretary of State, and upon information and belief, alleges that: (1) CVP LLC was fully owned by Paul, as its sole member, as of March 17, 2010; (2) while Merchants is presently unable to determine the exact, current members of CVP LLC, Merchants believes that the only potential, current members include Paul, Kara, and/or one or more of their children/family members, Paxton Phillips ("Paxton"), Kyler Phillips ("Kyler"), Ever Phillips ("Ever"), and Onyx Phillips ("Onyx"), all of whom reside at 10601 Stafford Rd., Chagrin Falls, Geauga County, OH 44023; (3) Merchants is unaware of whether any additional, actual or potential members of CVP LLC exist, and if so, the citizenship of any other such additional, actual or potential members; (4) Merchants is presently unable to find any evidence indicating that one or more members or potential members of CVP LLC is or are citizens of the State of Iowa; (5) CVP LLC is therefore a citizen of the State of Ohio; and (6) Merchants therefore seeks, and reserves the right to conduct discovery to further establish the potential identities/citizenship of any and all members of CVP LLC, as relating to this Court's subject-matter jurisdiction.

7. Defendant Phillips National is an Ohio domestic limited liability company, organized and existing under the laws of the State of Ohio, which can be served through its registered agent R&A Agents, Inc., National City Center, 155 E. Broad St., 12th Floor, Columbus, OH 43215.

8. Merchants, after a diligent search of its own records and publicly-available information online, including but not limited to a review of the websites of the Ohio Secretary of State and Iowa Secretary of State, and upon information and belief, alleges that: (1) Phillips National was fully owned by Paul, as its sole member, as of approximately May 10, 2020; (2)

3

while Merchants is presently unable to determine the exact, current members of Phillips National, Merchants believes that the only potential, current members include Paul, Kara, and/or one or more of their children/family members, Paxton Phillips ("Paxton"), Kyler Phillips ("Kyler"), Ever Phillips ("Ever"), and Onyx Phillips ("Onyx"), all of whom reside at 10601 Stafford Rd., Chagrin Falls, Geauga County, OH 44023; (3) Merchants is unaware of whether any additional, actual or potential members of Phillips National exist, and if so, the citizenship of any other such additional, actual or potential members; (4) Merchants is presently unable to find any evidence indicating that one or more members or potential members of Phillips National is or are citizens of the State of Iowa; (5) Phillips National is therefore a citizen of the State of Ohio; and (6) Merchants therefore seeks, and reserves the right to conduct discovery to further establish the potential identities/citizenship of any and all members of Phillips National, as relating to this Court's subject-matter jurisdiction.

9. Defendant Phillips Family is an Ohio domestic limited liability company, organized and existing under the laws of the State of Ohio, which can be served through its registered agent Paul A. Phillips, 7700 Bond Street, Solon, OH 44139. The Restated Operating Agreement of Phillips Family, dated January 23, 2018, attached hereto and incorporated herein by reference as **Exhibit B**, lists the initial members of Phillips Family on pp. 4 and 17 thereof, and specifically Kara, Paxton, Kyler, Ever and Onyx, each of whom are listed therein as maintaining addresses at 10601 Stafford Rd., Chagrin Falls, Geauga County, OH 44023.

10. Merchants, after a diligent search of its own records and publicly-available information online, including but not limited to a review of the websites of the Ohio Secretary of State and Iowa Secretary of State, and upon information and belief, alleges that: (1) while Merchants is presently unable to determine the exact, current members of Phillips Family,

4

Merchants, it believes that the only potential, current members include Paul, Kara, and/or one or more of their children/family members, Paxton Phillips ("Paxton"), Kyler Phillips ("Kyler"), Ever Phillips ("Ever"), and Onyx Phillips ("Onyx"), all of whom reside at 10601 Stafford Rd., Chagrin Falls, Geauga County, OH 44023; (2) Merchants is unaware of whether any additional, actual or potential members of Phillips Family exist, and if so, the citizenship of any other such additional, actual or potential members; (3) Merchants is presently unable to find any evidence indicating that one or more members or potential members of Phillips Family is or are citizens of the State of Iowa; (4) Phillips Family is therefore a citizen of the State of Ohio; and (5) Merchants therefore seeks, and reserves the right to conduct discovery to further establish the potential identities/citizenship of any and all members of Phillips Family, as relating to this Court's subject-matter jurisdiction.

11. Defendant Store It is an Ohio domestic limited liability company, organized and existing under the laws of the State of Ohio, which can be served through its registered agent R&A Agents, Inc., 1375 E. 9th St. – Ninth Floor, Cleveland, OH 44144.

12. Merchants, after a diligent search of its own records and publicly-available information online, including but not limited to a review of the websites of the Ohio Secretary of State and Iowa Secretary of State, and upon information and belief, alleges that: (1) Store It was fully owned by Paul, as its sole member, as of March 17, 2010; (2) while Merchants is presently unable to determine the exact, current members of Store It, Merchants believes that the only potential, current members include Paul, Kara, and/or one or more of their children/family members, Paxton Phillips ("Paxton"), Kyler Phillips ("Kyler"), Ever Phillips ("Ever"), and Onyx Phillips ("Onyx"), all of whom reside at 10601 Stafford Rd., Chagrin Falls, Geauga County, OH 44023; (3) Merchants is unaware of whether any additional, actual or potential members of Store

It exist, and if so, the citizenship of any other such additional, actual or potential members; (4) Merchants is presently unable to find any evidence indicating that one or more members or potential members of Store It is or are citizens of the State of Iowa; (5) Store It is therefore a citizen of the State of Ohio; and (6) Merchants therefore seeks, and reserves the right to conduct discovery to further establish the potential identities/citizenship of any and all members of Store It, as relating to this Court's subject-matter jurisdiction.

## JURISDICTION AND VENUE

13. This court has subject matter jurisdiction over this cause under 28 U.S.C. § 1332(a)(1) in that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and for the reasons alleged in the foregoing paragraphs is between citizens of different States.

14. Venue is proper under 28 U.S.C. §1391 because: (1) a substantial part of the events or omissions giving rise to the claim(s) as set forth in this instant Complaint occurred in the judicial district for the Northern District of Ohio and within the Eastern Division of said judicial district; and/or (2) one or more of the Defendants named in this Complaint reside in the judicial district for the Northern District of Ohio and within the Eastern Division of said judicial district, and upon information and belief, all of the Defendants reside in the State of Ohio, based upon information maintained by the Ohio Secretary of State, and based upon the circumstances alleged in the foregoing paragraphs.

## FACTS COMMON TO ALL COUNTS

15. At all times pertinent to this action, and according to its website, www.chagrinvalleypaving.com, CVP Inc. has been in the business of providing services related to

asphalt paving and/or resurfacing (including but not limited to road/street paving and parking lots) for various public and private entities.

16. In order to perform paving, resurfacing and related services on various projects, CVP, Inc. was statutorily, contractually and/or otherwise legally required to obtain certain surety bonds, including, but not limited to, payment, performance, and bid bonds, to guarantee CVP's contractual obligations and/or compliance with applicable State law.

17. As a condition for Merchants extending surety credit to CVP Inc., Merchants required CVP, Inc., as "Contractor" and as "Indemnitor," to execute a General Application and Agreement of Indemnity – Contractors Form ("Indemnity Agreement") Commercial Surety Agreement of Indemnity (the "Indemnity Agreement") on or about April 2, 2010. (See **Exhibit A)**.

18. As a further condition for Merchants extending surety credit to CVP Inc., Merchants also required Defendants Paul (in his individual capacity), Kara (in her individual capacity), CVP LLC, Phillips National, Phillips Family, and Store It, as "Indemnitors" (said Defendants, along with CVP, Inc., hereinafter collectively referenced as "Indemnitors") to execute the above-referenced Indemnity Agreement, on or about April 2, 2010. (See **Exhibit A)**.

19. The Indemnity Agreement requires Indemnitors, *inter alia,* to indemnify and keep Merchants indemnified, against any and all liability, loss and expense of whatsoever kind or nature, including, but not limited to, court costs, attorneys' fees, and interest, which Merchants (as "Company") may sustain or incur as a result of or by reason of, among other things, Merchants' execution of any bonds on behalf of CVP, Inc.

20. Specifically, the Indemnity Agreement provides, in relevant part, the following:

> SECOND: The Undersigned shall unconditionally indemnify and keep indemnified the Company against any and all liability, loss and expense of whatsoever kind or nature, including, but not limited to, court costs, attorneys' fees, and interest, which

7

the Company may sustain or incur (1) by reason of having executed or procured execution of any Bond or Bonds, (2) by reason of the failure of the Undersigned to perform or comply with this Agreement, or (3) to enforce any of the covenants and conditions of this Agreement The Undersigned agree to furnish money to the Contractor or to the Company as needed for the prompt payment of labor and materials used in performance of contracts guaranteed by a Bond when and as requested to do so by the Company. The Company shall have the exclusive right for itself and for the Undersigned to decide and determine whether any claim, demand. suit, or judgment shall, on the basis of liability, expediency or otherwise, be paid. settled, defended or appealed, and the Company's determination shall be final, conclusive and binding upon the Undersigned. . .

(See, **Exhibit A,** at p. 2).

21. The Indemnitors agreed in the Indemnity Agreement that in the event of a loss, any vouchers, affidavits, or other evidence of payments submitted by Merchants would constitute *prima facie* evidence of the amount of Merchants' loss and the Indemnitors' liability.

22. Specifically, the Indemnity Agreement states:

SECOND . . .Vouchers, affidavits or other evidence of payment by the Company of any loss, cost or expense shall be prima facie evidence of their propriety and the liability of the Undersigned to the Company for such loss, cost or expense. In the event of any payment by the Company, the Undersigned agree that in any accounting between the Company and the Undersigned, the Company shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed.

(See, **Exhibit A,** at p. 2).

23. At the request of the Indemnitors, and in exchange for the rights and promises contained in the Indemnity Agreement, Merchants, as surety, issued over 200 bonds on behalf of CVP, Inc., as principal, in favor of various state and/or other public entities, as obligee, including, but not limited to, the following bonds (the "Bonds") in connection with certain construction projects in the State of Ohio ("Bonded Projects"):

8

| **Bond Number** | **Obligee** | **Project** | **Bond Amount** |
|---|---|---|---|
| OHC 59120 | Cuyahoga County OPD & Ohio Department of Transportation ("ODOT") | Project No. 21B-001; St. Clair Avenue Bridge | $1,976,777.00 |
| OHC 59146 | ODOT | Project No. 21B-0250; BH FY2021(A) Part 1 and 2 | $4,343,743.00 |
| OHC 59176 | ODOT | Project No. 21B-0355; BH FY2021(B) Misc. | $8,668,405.00 |
| OHC 59293 | ODOT | Project No. 21B-0251; IR 71 Various Repair | $3,155,223.00 |
| OHC 59294 | ODOT | Project No. 22-0140; SR 87 Four Lane Resurfacing | $1,649,209.00 |
| OHC 59306 | ODOT | Project No. 22D-0204; US 6 / US 20-24 | $5,198,024.00 |
| OHC 59316 | Bedford Heights | Project No. 22-038; 2022 Parking Lot Resurfacing | $484,217.50 |
| OHC 59323 | Moreland Hills | Project No. 22-039; Chagrin Blvd. Resurfacing | $793,777.00 |
| OHC 59324 | Cleveland Heights | Project No. 22-029; 2022 Street Resurfacing | $840,163.00 |
| OHC 59325 | Bainbridge Township | Project No. 22-023; Brainbridge Haskins Rd. Reconstruction | $2,060,859.00 |
| OHC 59341 | Chester Township | Various Roads Reconstruction | $895,965.00 |
| OHC 59347 | City of Wickliffe Ohio | Project No. 22-052; Lakeland Blvd. Phase 2 OPWC | $1,694,884.00 |
| OHC 59348 | ODOT | Project No. 22D-0515; SR 306 | $2,276,024.00 |
| OHC 59471 | City of Middleburg Heights | Project No. 22-064; Street Repair Phase 4 | $1,047,439.00 |
| OHC 59474 | ODOT | Project No. 23D-0028; SR 43 | $2,984,867.00 |

24. The combined penal sum of the Bonds is no less than $38,069,576.50.

25. After Merchants issued the Bonds, CVP, Inc. approached Merchants in June 2023 and indicated it was experiencing financial difficulties. CVP, Inc. requested financial assistance

9

from Merchants to continue operations in connection with the Bonded Projects through the end of the 2023 paving season.

26. Merchants assisted CVP, Inc. by paying payment bond claims from various subcontractors and suppliers of CVP., Inc., periodically assisting CVP, Inc. with payroll and other overhead expenses, and resolving performance bond claims. With Merchants' financial assistance, CVP, Inc. completed all but seven of the Bonded Projects.

27. In early 2024, CVP, Inc. acknowledged that it lacked the financial wherewithal to complete the remaining Bonding Projects without continued financial support from Merchants and notified the obligees on the following Bonded Projects of its default ("Performance Default"):

| **Project No.** | **Obligee** | **Bond No.** | **Penal Sum** |
|---|---|---|---|
| 21B-001 | Cuyahoga County OPD & ODOT | OHC 59120 | $1,976,777 |
| 21B-0355 | ODOT District 12 | OHC 59176 | $8,668,405 |
| 21B-0521 | ODOT District 12 | OHC 59293 | $3,155,223 |
| 21B-0570 | ODOT District 12 | OHC 59227 | $4,547,750 |
| 22D-0515 | ODOT –RT 306 | OHC 59348 | $2,276,024 |
| 23D-0028 | ODOT- SR 43 Canton | OHC 59474 | $2,984,867 |
| 22-064 | City of Middleburg Heights | OHC 59471 | $1,047,439 |

28. Following the Performance Default, Merchants received claims on the performance bonds from the respective obligees. Merchants resolved, and in some cases is still in the process of negotiating resolution of, the performance bond claims.

29. As of April 21, 2025, Merchants has received, and has paid to date, combined Bond Claims and related expenses totaling $$9,990,903.98 against the Bonds it issued on behalf of CVP, Inc.

30. In response to the loss incurred by Merchants in connection with the Bond Claims and expected future losses, and given the foregoing circumstances, Merchants has made written requests and demands to Indemnitors as recently as April 2024, demanding that they indemnify and hold Merchants harmless in accordance with the Indemnity Agreement.

31. As of April 21, 2025, Indemnitors have not indemnified Merchants for any amount(s) or posted any collateral.

32. In accordance with Paragraph SECOND of the Indemnity Agreement attached as **Exhibit A** hereto, Merchants is entitled to indemnification against all past, current and future losses it sustains by reason of having issued any of the Bonds, including reimbursement for current and future attorneys' fees, consulting fees, expenses and interest.

## COUNT I
### (Breach of Contract/Indemnity Agreement – Against All Defendants)

33. Merchants adopts and re-alleges paragraphs 1 through 32, *supra*, as paragraph 33 of this Count I as though fully set forth herein.

34. In accordance with the Indemnity Agreement, Indemnitors are obligated to, *inter alia:* (a) indemnify Merchants from all losses resulting from its issuance of the Bonds and in enforcing the terms of the Indemnity Agreement, consistent with Paragraph SECOND of the Indemnity Agreement; and (b) post collateral to Merchants consistent with Paragraph FOURTEENTH of the Indemnity Agreement. See, **Exhibit A**, ¶¶ SECOND and FOURTEENTH, at pp. 2 and 4, respectively.

35. Despite Merchants' demand, Indemnitors have breached the Indemnity Agreement by: (a) failing and refusing to indemnify and hold Merchants harmless from the Bond claims; and (b) failing and/or refusing to post collateral to Merchants in an amount sufficient to protect Merchants from any and all actual and/or potential bond claims.

36. Merchants has been damaged by Indemnitors' material breach of the Indemnity Agreement in the initial amount of at least $9,990,903.98, not including attorneys and consulting fees, and not including additional anticipated damages as a result of additional Bond claims received after April 21, 2025.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Merchants Bonding Company (Mutual), respectfully requests that this Court enter an Order:

(a) Finding and/or declaring that each of the Indemnitors breached the Indemnity Agreement by refusing and/or otherwise failing to indemnify and reimburse Merchants for its combined bond claim losses and expenses in the amount of $9,990,903.98 or the amount of Merchants' actual loss at the time of entry of the Court's order;

(b) Entering judgement against Indemnitors in favor of Merchants for monetary damages in an amount no less than Merchants' current losses and expenses to date of $9,990,903.98, plus all additional losses, including, but not limited to, loss Merchants suffers as a result of additional Bond payments made after April 21, 2025, and attorneys' fees, consulting fees, costs, expenses and interest incurred in the prosecution of the instant lawsuit; and

(c) Providing for any and all such additional relief, including but not limited to injunctive relief, as this Court deems equitable and just.

Dated: April 25, 2025.         Respectfully Submitted,

MERCHANTS BONDING COMPANY (MUTUAL)

By:  /s/ Frank J. Marsico
     One of Its Attorneys

Frank J. Marsico
John E. Sebastian (OH Bar # 0093192)
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
10 S. Wacker Drive, Suite 1100
Chicago, Illinois 60606
Tel: (312) 219-6900
Fax: (312) 559-7528
fmarsico@watttieder.com
jsebastian@watttieder.com

20560343.1 103583.00002